788

LEAVITT *v.* HUNNICUTT *et al.*

No. 6940.   July .12, 1929.

*Sutherland & Tuttle,* for plaintiff in error.

*Anderson, Rountree & Crenshaw* and *Granger Hansell,* contra.

BECK, P. J.   This suit originated in an action by W. R. Prescott as surviving executor of the last will and testament of Calvin W. Hunnicutt, deceased, for a construction of said will, and for direction by the superior court.   Several questions were raised by the petition, but only one is now before this court for decision.   The second paragraph of item 8 of the will is in the following language: "In the event either of my said named executors should die, resign, or fail to qualify, the ordinary of said county shall immediately appoint his successor, who shall be invested with all the powers, rights, and discretions enumerated in this will."   The will nominated as executors W. R. Prescott and J. Edgar Hunnicutt.   Hunnicutt died on September 9, 1926, and one of the questions for determination was whether the paragraph giving the ordinary the power to appoint another executor was valid.   Another question arising under the allegations of the petition and the prayer for construction was whether or not the surviving executor could exercise all the rights, powers and privileges conferred upon the two executors named; and there was a prayer "that a judgment and a decree be entered by the court, carrying into force and effect all of the findings and rulings in connection with the foregoing matters" (set forth in the petition).   No evidence was submitted upon the hearing, as the allegations of the petition were admitted by the answer of the defendants.   The court rendered the following judgment: "The second paragraph of item 8 of the will of Calvin W. Hunnicutt, deceased, as quoted in paragraph 5 of the petition in

this case, is good and valid in law, and the delegation to the ordinary of Fulton County by the late Mr. Hunnicutt of the power of appointment of an executor to serve in lieu or in place of the deceased executor is lawful and valid, and the ordinary is authorized and empowered under its terms to appoint a successor to J. Edgar Hunnicutt, the deceased coexecutor of W. R. Prescott, plaintiff. Inasmuch as the power given the ordinary is valid, and inasmuch as an appointment by him of a successor to fill the place left vacant by J. Edgar Hunnicutt's death would obviate the present determination of the other questions involved in this suit, and inasmuch as it does not appear that the ordinary will refuse to exercise the power and appoint a successor executor, the other points raised by the prayers of the petition are not now decided. Let a copy of this decree be served upon the ordinary; and if after five days time he refuses to exercise the powers conferred upon him in said will, then the plaintiff in this case shall be at liberty to bring this case again before the court for the determination of the other questions involved." To this judgment M. K. Leavitt, one of the parties defendant, excepted on the ground that the court erred "in upholding the validity of the clauses of said will that it upheld."

Upon application of the law as stated in the Civil Code, § 6138, we do not think that this case and the judgment rendered therein could be brought to this court for review by direct bill of exceptions. Manifestly no decision or judgment is excepted to which terminated the case in the court below, or which "would have been a final disposition of the cause, or final as to some material party thereto," if it had been rendered "as claimed by the plaintiff in error." The judgment excepted to does not direct that the ordinary shall appoint a successor to J. Edgar Hunnicutt, the deceased coexecutor. The court did hold that the power of appointment given to the ordinary was valid, and then stated that "inasmuch as an appointment by him [the ordinary] of a successor to fill the place left vacant by J. Edgar Hunnicutt's death would obviate the present determination of the other questions involved in this suit, and inasmuch as it does not appear that the ordinary will refuse to exercise the power and appoint a successor executor, the other points raised by the prayers of the petition are not now decided;" and then provided that if the ordinary refused to make the appointment, the plaintiff might bring this case again before

the court for determination of the other questions involved. That judgment in no wise disposes of the case; but the case is retained, so that if the ordinary does not make the appointment of an executor, the plaintiff can again call up the case and have the other questions adjudicated. The case is prematurely brought to this court. The judgment, if it may be called a judgment, is not one directing the ordinary to perform any duty. It is more in the nature of an advisory opinion; and if the ordinary takes a different view of it, as he will be permitted to do under the language of the judgment or decision, no successor to the deceased executor will be appointed, and then the case will be called up again for a construction of other parts of the will and a determination of the rights, powers, and duties of the surviving executor. The case being prematurely here, the writ of error must be

*Dismissed. All the Justices concur.*